

JANE BIN YU
P.O. BOX 82
ALVISO, CA. 95002

MOVING PARTY:   IN PROPRIA PERSONA:

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE BIN YU; <br><br> Plaintiff, <br><br> -vs- <br><br> AMERICA'S WHOLESALE LENDER, et. al., <br><br> Defendant | CASE NO: 3:16-cv-01545-JSC <br><br> PLAINTIFF JANE BIN YU'S NOTICE OF OPPOSITION AND OPPOSITION TO MOTION BY MAY FONG TO INTERVENE, TO EXPUNGE NOTICE OF PENDING ACTION (LIS PENDENS), FOR ATTORNEY FEES, AND TO DECLARE JANE BIN YU A VEXATIOUS LITIGANT; <br><br> DATE:   AUGUST 18, 2016 <br><br> TIME;   09:00 A.M. |

TO:   MAY FONG AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE, that Plaintiff Jane Bin Yu hereby presents her OPPOSITION TO MOTION BY MAY FONG TO INTERVENE, TO EXPUNGE NOTICE OF PENDING ACTION (LIS PENDENS), FOR ATTORNEY FEES AND TO DECLARE JANE

**NOTICE OF OPPOSITION**

**BIN YU A VEXATIOUS LITIGANT**

This Opposition is being based on my entire case file in this matter, and upon this opposition, the Declaration by Plaintiff Jane Bin Yu, and upon any arguments made and/or to be made at the hearing on this matter.

Respectfully submitted,

August 8th 2016

*[signature]*

JANE BIN YU
Federal Court Movant,
Plaintiff; In Propria Persona

---

**NOTICE OF OPPOSITION**

# MEMORANDUM OF POINTS AND AUTHORITIES

# IN SUPPORT OF THE OPPOSITION

A. <u>MOTION TO INTERVENE</u>

First and from the outset, this Court should know that the "purported" Intervener (May Fong) has not attached any type of declaration to her moving papers.

Additionally and equally as important, the "purported" Intervener (May Fong) has not provided this court with any documentary evidence that the "purported" Intervener (May Fong) has standing to go forward.

The "purported" Intervener (May Fong) mentions that the subject real property was delivered by way of "Quit Claim" deed, but it was not attached to the moving papers, and also, this court should want to inquire as to <u>exactly how</u> the "purported" Intervener (May Fong) purportedly took title…i.e., sole, tenant in common, as a corporation, etc., and this Court should want to find out the lawful authority the "purported" Intervener (May Fong) speaks upon.

These facts alone should absolutely require this Court to deny, with prejudice, the "purported" Intervener (May Fong) motion, in its entirety.

Since it seems as if there are other individuals who may have purportedly taken title with the "purported" Intervener (May Fong), and without something like a statement (made under the penalty of perjury) indicating authority to speak, one can only believe that the "purported" Intervener (May Fong) lacks fundamental standing to speak on behalf of others.

Besides, any motion filed without a Declaration is void on its face, and stands as void and ineffectual at the time of filing.

---

**NOTICE OF OPPOSITION**

B.  REQUEST TO EXPUNGE THE NOTICE OF THE PENDENCY OF AN ACTION:

Clearly, based on the arguments as set forth in "A" above, the "purported" Intervener (May Fong) motion is not only moot, but the request to expunge the Lis Pendens stands as moot as well. As it is clear that since the "purported" Intervener (May Fong) lacks standing/authority to bring this motion, the "purported" Intervener (May Fong) also lacks standing to ask and/or request for this Court to expunge any pendency of an action.

Plaintiff, Jane Bin Yu has plead a cause of action "QUIET TITLE" and with the applicability of section "A" above, clearly this Court is not in a lawful position to grant the relief sought, and/or any relief sought by the "purported" Intervener (May Fong).

Besides, even if Plaintiff Jane Bin Yu has not properly pled a cause of action for "QUIET TITLE", I am absolutely sure that I can properly plead a proper cause of action for "QUIET TITLE" to enable this Court to deny the relief sought by the "purported" Intervener (May Fong).

Additionally, there is no doubt that I can make further allegations to support a cause of action for "QUIET TITLE" in this Honorable Court, and in any state court.

C.  REQUEST FOR ATTORNEY FEES

Plaintiff Jane Bin Yu strongly believes that the "purported" Intervener (May Fong), as the sophisticated buyers of real properties in the State of California, the "purported" Intervener (May Fong) sought and received adequate legal advise, **prior to** having the property purportedly transferred to them, and was well aware of the Lis Pendens, the litigation, and the high probably of the owner of the subject real property seeking relief before a competent court of jurisdiction. And I'm reasonably sure that the advise was not to go forward, based on the Lis Pendens.

---

**NOTICE OF OPPOSITION**

Is it me, or does this Court find it rather strange that a purported organization like Bank of America would make use of a "Quit Claim" Deed…it seems as if there is an attempt to engage in tax fraud, as the tax declaration was not signed.

The purported "Quit Claim" Deed will serve as additional evidence of the fraud, and Plaintiff Jane Bin Yu strongly believes that the "purported" Intervener (May Fong) could possibly be in the middle of the fraud, and the acts to make fraudulent use of tax evasion.

D. TO DECLARE JANE BIN YU A VEXATIOUS LITIGANT:

It seems rather obvious to Plaintiff Jane Bin Yu that the "purported" Intervener (May Fong) seeks to intimidate me into going away, that these sort of tactics (to declare me a vexatious litigant) is nothing more than a form of gamesmanship on behalf of the "purported" Intervener (May Fong), tactics that this Court should not condone at any level.

In fact, it is this very motion that is vexatious, in that it is not filed by a real party in interest, who has lawful authority to speak on behalf of any of the possible title holders, that it is filed _**without a declaration/verification**_, by an individual who knew…clearly knew what the title's cloud was about long before some "Quit Claim" Deed was issued.

## "Sham" Interventions Are Not Allowed

In determining a Motion To Intervene, the Court should also consider whether the allegations of the motion itself, and the (**unfiled/purported**) proposed complaint in intervention are "absent [of] sham, frivolity or other objections" and because of the fact that the **unfiled/purported proposed complaint in intervention** was not submitted, one can only conclude that May Fong has not and cannot muster a defense, which amounts to a sham filing.

---

**NOTICE OF OPPOSITION**

And, in determining whether the proposed intervener has born its burden of showing that all the requirements for intervention have been met, including the issue of timeliness. Snyder v. Floworks, Inc., 2007 WL 2429451 *3 (N.D.Cal.)(Whyte, D.J.)(citing Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001).

In Snyder, non-party movant, a limited liability company asserted that the reason for its delay in intervening was that it recently discovered that its Operating Agreement which governed the dispute between parties to the pending litigation was not valid. And in this matter, May Fong has not, and cannot assert any explanation as to why the movant intervener failed to include a declaration, a proposed complaint in intervention, and any verifications of such.

This Court, in denying the motion to intervene, should further find, that May Fong's reason for its delay in seeking to intervene lacks credibility because the intervener "ha[d] doubtless[ly] been aware that it had some sort of stake in th[e] litigation since the suit was filed prior to the sale, and the Lis Pendens had been recorded prior thereto as well.

May Fong was completely aware of the Lis Pendens, and the law suit associated therewith, and the potential consequences of a successful outcome when May Fong filed their motion.

**The District Court Has Entered Default Already**:

May Fong improperly seeks to intervene for the purposes of challenging the enforceability of the Default entered herein, something already decided by the Court. The entry of Default on the merits weighs heavily against allowing intervention. See League of United Latin American Citizens v. Wilson,131 F.3d 1297, 1303 (9th Cir. 1997); Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3rd Cir. 1995) (the "critical inquiry is: what proceedings of substance on the merits have occurred?").

---

**NOTICE OF OPPOSITION**

And as should also be noted by this Court: May Fong's Non-Parties' Motion to Intervene: offer no compelling reason for their decision to wait to try to assert claims, and based upon the same basic theory, this factor weighs against May Fong.

Plaintiff Jane Bin Yu Will Be Severely Prejudiced by the Motion to Intervene:

Plaintiff Jane Bin Yu will be prejudiced by the introduction of the **Unfiled/Purported Complaint In Intervention** at this late stage, and such delays it will cause and the interference with an acquisition transaction. Smith v. Marsh, 194 F.3d 1045, 1051 (9th Cir. 1999) (holding that while delay alone is not decisive, it is prejudice that the Court can consider); Calvert v. Huckins, 109 F. 3d 636, 638 (9th Cir. 1997); United States v. Union Elec. Co., 64 F.3d. 1152, 1159 (8th Cir. 1995); Edwards v. City of Houston, 78 F.3d 983, 1002 (5th Cir. 1996); Snyder, 2007 WL 2429451 (stating that delay on obtaining judgment is prejudice).

This "third party" (unfiled/purported) complaint may seek a "do over" of vigorous litigation by Jane Bin Yu, spanning numerous months with substantial typing time and legal practice. Also, as set forth in Plaintiffs' opposition to May Fong's motion, delaying the Quiet Title Judgment causes Plaintiff Jane Bin Yu irreparable harm.

Plaintiff Jane Bin Yu will be significantly prejudiced as a result of the continuous litigation related to the vexatiously shame type motion and the deprivation of the finality of the Quiet Title Judgment, and the consideration, such as the ownership the Plaintiff Jane Bin Yu filed for.

May Fong cannot justify the delay, warranting denial. See League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing Washington86 F.3d at 1503) ("any substantial lapse of time weighs heavily against intervention").

---

**NOTICE OF OPPOSITION**

The focus is on the date the person attempting to intervene should have been aware his 'interest[s] would no longer be protected adequately, rather than the date the person learned of the litigation." Officers for Justice v. Civil Service Comm'n of City & County of San Francisco, 934 F.2d 1092, 1095 (9th Cir. 1991); Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231–1232 (1st Cir. 1992) (potential intervener must move to protect its interest as soon as it has actual knowledge a "measurable right exists"). See also, Chambers Med. Found. v. Chambers, 236 F.R.D. 299, 306 (W.D. La. 2006) (Intervener movant was not entitled to permissive intervention under Fed. R. Civ. P. 24(b) because movant failed to timely express interest in suit when he was actually party to it and because there was no indication that the movant wished to advance arguments different from the remaining party regarding the validity of an agreement); Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1094 (C.D. Cal. 2003)(denying potential interveners' motion pursuant to Rule 24(b) as untimely because the motion was filed after the parties had nearly finalized their settlement and the case had been pending for four years).

As stated above, May Fong has been aware of the litigation (via Lis Pendens) prior to any purported purchase, and its potential consequences, and has failed to participate in the proceedings, and thereafter, made the strategic choice not to oppose Plaintiff's default. It cannot justify its delay. See Snyder, 2007 WL 2429451 at *3.

May Fong incorrectly attempt to apply a bright-line rule for when intervention is "timely" and attempt to contend that post-default intervention is routinely timely. To the contrary, "[p]ost-default intervention is typically disfavored because it creates a delay and prejudice to the existing parties and undermines the orderly administration of justice. Calvert v. Huckins, 109 F.3d 636, 638 (9th Cir. 1997).

---

**NOTICE OF OPPOSITION**

As stated above, "timeliness" for purposes of Rule 24 is heavily context dependent. Indeed, the Ninth Circuit case, Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir. 1953), acknowledges that in considering timeliness, the Court should "consider not only the period of time that has passed, but also the circumstances contributing to the delay. Id. at 465.

The case before this Court does not have a class and no facts have changed that justify "new" events to warrant intervention. ***Pellegrino*** involved a shareholder intervention where the shareholder was not, as a matter of law, permitted to intervene so long as the company prosecuted its claim. Such a circumstance is not present in this case. Indeed, neither of the cases cited by May Fong involved the unique circumstance where a shareholder in a company was a party to a resolved (via default) case, the resolution transferred ownership of the company, the shareholder had notice of a motion to enforce the agreement which would affect his or her rights, and the shareholder chose (strategically) and just like May Fong in this instant case, chose on her own accord, not to be involved, with the full knowledge of the Lis Pendens.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Jane Bin Yu request that May Fong's motion to intervene be denied in its entirety.

August 8th 2016

_____
JANE BIN YU
Federal Court Movant,
Plaintiff; In Propria Persona

NOTICE OF OPPOSITION

9 | Page

# DECLARATION/VERIFICATION OF PLAINTIFF JANE BIN YU IN SUPPORT OF THE OPPOSITION TO MOTION OF MAY FONG

**I, JANE BIN YU,** hereby declare as follows:

I am the Plaintiff and **Moving Party** in this action, and I also hereby submit the above Opposition to The Motion To Intervene, To Expunge Notice Of Pending Action (Lis Pendens), For Attorney Fees, And To Declare Jane Bin Yu A Vexatious Litigant.

I, as The Self Represented Movant, acting In Pro Per, I hereby declare under the penalty of perjury that I have read this Notice of and Opposition to The Motion To Intervene, To Expunge Notice Of Pending Action (Lis Pendens), For Attorney Fees, And To Declare Jane Bin Yu A Vexatious Litigant, and I further declare under the penalty of perjury that the statements contained herein are true and correct to the best of MY personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe each of them to be true.

This verification/declaration has been executed in the City of San Jose, County of Santa Clara, and in The State of California.

August 8th 2016

*/s/ Jane Bin Yu*
JANE BIN YU
Federal Court Movant,
Plaintiff;   In Propria Persona

---

**NOTICE OF OPPOSITION**