1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   JANE BIN YU,                              Case No.  16-cv-01545-JSC

8            Plaintiff,                       **ORDER RE: MAY FONG'S MOTION**
                                              **TO INTERVENE, TO EXPUNGE**
9       v.                                    **NOTICE OF PENDING ACTION (LIS**
                                              **PENDENS), FOR ATTORNEY FEES,**
10  AMERICA'S WHOLESALE LENDER, et            **AND TO DECLARE JANE BIN YU A**
    al.,                                      **VEXATIOUS LITIGANT**
11
             Defendants.                      Re: Dkt. No. 12
12

13          Plaintiff Jane Bin Yu ("Plaintiff"), proceeding pro se, brings this action against Defendant

14   America's Wholesale Lender ("Defendant") seeking declaratory relief to quiet title for residential

15   property located at 1462 Michigan Avenue, San Jose, California 95002 ("Michigan Avenue

16   Property").  (Dkt. No. 1.[1])  Now before the Court is the motion to intervene of Third Party May

17   Fong ("Intervenor") on the grounds that she, along with Grant Wai Fong and Ellen Gee, purchased

18   the Michigan Avenue Property for value in June 2016 from Bank of America.  (Dkt. No. 12.)  She

19   also moves the Court to expunge the notice of pending action (*lis pendens*), for attorney's fees,

20   and to declare Plaintiff a vexatious litigant such that she cannot file notices of pending action

21   without prior court order.  (*Id.*)  After carefully considering the arguments and briefing submitted,

22   and having had the benefit of oral argument on September 8, 2016, the Court GRANTS the

23   motions to intervene and to expunge notice of pending action (*lis pendens*) and DENIES

24   Intervenor's motion for attorney's fees and to declare Plaintiff a vexatious litigant.[2]

25

26   _____

27   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.
     [2] Plaintiff and Intervenor have consented to the jurisdiction of a magistrate judge pursuant to 28
28   U.S.C. § 636(c).  (Dkt. Nos. 6, 15.)  Plaintiff filed a proof of service for America's Wholesale
     Lender (Dkt. No. 7), but it has not appeared and thus has not consented to nor declined the

United States District Court
Northern District of California

# BACKGROUND

## I.     Factual Background[3]

On February 9, 2007, Plaintiff agreed to borrow $637,500 from Defendant, secured by Plaintiff's real property located at 1462 Michigan Avenue, Alviso, California 95002.  (Dkt. No. 1 ¶¶ 1, 10.)  Plaintiff signed two documents with Defendant: (1) an interest only adjustable note; and (2) a deed of trust.[4]  (Id. ¶ 10; Dkt. No. 1-1 (Ex. A).)  On July 25, 2008, Plaintiff mailed a notarized letter to Defendant indicating that she was cancelling or rescinding the loan she took out on the Michigan Avenue Property.  (Dkt. No. 1 ¶ 11; see also Dkt. No. 1-2 (Ex. B).)

On July 7, 2015, Plaintiff, via grant deed, purported to transfer her ownership interest in the Michigan Avenue Property to a joint venture called the 1462 Michigan Avenue Partnership; according to the grant deed, the venture consists of four general partners (Intervenor, Francisco Refuerzo, Martin Cruz, and Jose Longoria) each holding a 25% interest in the venture.  (Dkt. No.

---

undersigned's jurisdiction.  This defendant's consent is not required for the Court to rule on the motion to intervene and to expunge the lis pendens.  28 U.S.C. § 636(b)(1); United States v. Brooks, 163 F.R.D. 601 (D. Or. 1995).

[3] The following factual background is based on matters set forth in the complaint and matters of which the Court may take judicial notice.  Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record."  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

Intervenor requests that the Court take judicial notice of twelve documents attached to her counsel's declaration.  (See Dkt. No. 13.)  The Court takes judicial notice of the deed documents attached as Exhibits B, E, H, and L as they are publicly-recorded documents.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); see also Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 977 (N.D. Cal. 2005) (taking judicial notice of various deed documents, including a quitclaim deed, that were publicly recorded with the San Francisco Assessor-Recorder's office).  The Court also takes judicial notice of Exhibits D, F, G, I, J, and K as they are documents from proceedings in other courts that directly relate to this case.  See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted).  The Court, however, declines to take judicial notice of Exhibits A and C as they are not public records themselves and they indicate that, as summaries of public records, they are not necessarily accurate.  (Dkt. No. 13-1 at 7 ("Data Deemed Reliable, But Not Guaranteed."); Dkt. No. 13-3 at 2 ("The Public Records and commercially available data sources used on reports have errors.[ ]Before relying on any data this system supplies, it should be independently verified.").)

[4] Plaintiff did not attach a copy of the adjustable note to her complaint and only provided two pages of the deed of trust, which appears to have additional pages missing.

United States District Court
Northern District of California

13-5 (Ex. E).)

On July 17, 2015, pursuant to a trustee's deed upon sale after a non-judicial foreclosure proceeding, Bank of America, N.A. ("Bank of America") acquired title to the Michigan Avenue Property from trustee Clear Recon Corporation ("Clear Recon").  (Dkt. No. 13-8 (Ex. H).)  On June 2, 2016, Bank of America, for valuable consideration received, quitclaimed the Michigan Avenue Property to Intervenor, Grant Wai Fong (Intervenor's husband), and Ellen Gee; Intervenor and her husband together took a 50% interest as husband and wife, and Ms. Gee took the other 50% interest.  (*See* Dkt. No. 13-12 (Ex. L).)

## II.    Plaintiff's Prior Litigations[5]

### A.    *Yu v. Bank of Am., N.A.*, No. 12CV218409 (Cal. Super. Ct.)

On February 10, 2012, Plaintiff filed suit in Santa Clara County Superior Court against Defendants Bank of America, N.A.; Recontrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.; and Registration Systems Inc.  *See Yu v. Bank of Am., N.A.*, No. 12CV218409, Dkt. No. 1 (Cal. Super. Ct.).  The gravamen of Plaintiff's complaint was that Bank of America's attempts to foreclose the Michigan Avenue Property were unlawful because it and the other defendants had no legal interest in the property.  *See generally id.*  After some motion practice, the case was set to go to trial in April 2013; Plaintiff, however, dismissed the case before trial started.  (Dkt. No. 13-4 at 3-6.)

### B.    *Yu v. Clear Recon Corp.*, No. 5:15-cv-04458-NC (N.D. Cal.)

On September 28, 2015, Plaintiff, proceeding pro se, filed her first suit in this District against Clear Recon for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635(a), 1692e(2)(A), 1692e(5), and 1692e(10).  *See Yu v. Clear Recon Corp.*, No. 5:15-cv-04458-NC, Dkt. No. 1 (N.D. Cal.).  In that case, Plaintiff alleged that, because she had legally rescinded the mortgage transaction for the Michigan Avenue Property with America's Wholesale Lender (i.e.,

---

[5] In addition to these prior litigations identified by Intervenor, the Court notes that Plaintiff recently filed a new litigation against Defendant in Santa Clara County Superior Court on August 29, 2016.  *See Yu v. Am.'s Wholesale Lender*, No. 16CV299266 (Cal. Super. Ct.).

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant), Clear Recon had no authority to substitute in as trustee for the property or to subsequently sell the property (to Bank of America) at a foreclosure sale. *Id.* at 3-4. Plaintiff sought statutory damages, attorney's fees and costs, and other relief that the court deemed just and proper. After Plaintiff filed her complaint, Clear Recon moved to dismiss the complaint. *Id.*, Dkt. No. 4. Before the court could rule on Clear Recon's motion, Plaintiff filed a notice of voluntary dismissal without prejudice on January 4, 2016. *Id.*, Dkt. No. 17.

### C.  *Yu v. Clear Recon Corp.*, No. 5:16-cv-01194-HRL (N.D. Cal.)

On March 10, 2016, Plaintiff filed a second lawsuit in this District, this time against Clear Recon and another defendant, New Light Realty, Inc. ("New Light Realty"). *See Yu v. Clear Recon Corp.*, No. 5:16-cv-01194-HRL, Dkt. No. 1 (N.D. Cal.). The complaint contained five causes of action for violations of various sections of the FDCPA, alleging that the defendants failed to comply with the FDCPA when they tried to collect debt from Plaintiff. *See generally id.* Plaintiff again alleged that she had rescinded the mortgage transaction for the Michigan Avenue Property (*id.* at 4), and thus, according to Plaintiff, the defendants could not collect on any purported debt relating to the mortgage. Plaintiff sought statutory damages, attorney's fees and costs, and other relief that the court deemed just and proper.

Clear Recon and New Light Realty moved to dismiss Plaintiff's complaint. *Id.*, Dkt. Nos. 6, 9. On May 13, 2016, the court granted the motions to dismiss on grounds that (1) the defendants are not "debt collectors" under, and thus not subject to, the FDCPA, and (2) to the extent Plaintiff's complaint intended to bring a claim for wrongful foreclosure, Plaintiff failed to allege that she tendered or returned the amount that she was loaned by America's Wholesale Lender (as required to plead a claim of wrongful foreclosure). *Id.*, Dkt. No. 20 at 4-5. The court expressed doubt as to whether Plaintiff could successfully plead claims against either defendant, but nevertheless granted her leave to amend her complaint. *Id.* at 5. Plaintiff thereafter filed a notice of voluntary dismissal, which was dated May 13, 2016 and entered on the electronic docket on May 16, 2016. *Id.*, Dkt. No. 21.

### III.  Procedural History

Plaintiff filed her complaint in this case, titled Petition for Declaratory Relief to Quiet

4

Title, Civil Code 761.010, on March 29, 2016.  (Dkt. No. 1.)  The complaint alleges three causes of action by which Plaintiff seeks to quiet title to the Michigan Avenue Property: (1) rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, including Regulation Z; (2) violation of the TILA; and (3) violation of California Business & Professions Code § 17200, *et seq.*  (Dkt. No. 1 at 8-13.)  In addition to her request to quiet title to the Michigan Avenue Property, Plaintiff seeks rescission of the mortgage transaction with Defendant, termination of any security interest in the Michigan Avenue Property created under the transaction, statutory damages under the TILA, actual damages, attorney's fees and costs, and other relief as the Court may deem just and proper.  (*Id.* at 14-15.)

Along with her complaint, Plaintiff filed a request for notice of *lis pendens* for the Michigan Avenue Property (Dkt. No. 2); Judge Grewal granted Plaintiff's request that same day (Dkt. No. 5).  Plaintiff thereafter served copies of the complaint and summons on Defendant on March 31, 2016 (Dkt. No. 7), but Defendant has never responded to the complaint or otherwise appeared in this action.  On June 28, 2016, Intervenor filed the instant motion requesting that the Court permit her to intervene in this case, to expunge the notice of pending action (*lis pendens*), for attorney's fees, and to declare Plaintiff a vexatious litigant and bar her from filing notices of pending action without prior court order.  (Dkt. No. 12.)

## DISCUSSION

### I.     Motion to Intervene

Federal Rule of Civil Procedure 24(a) provides, in relevant part, that, "[o]n timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  To establish the right to intervene under Rule 24(a)(2), a third party applicant must satisfy four elements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately

5

United States District Court
Northern District of California

1    represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).  "While

2    an applicant seeking to intervene has the burden to show that these four elements are met, the

3    requirements are broadly interpreted in favor of intervention."  *Citizens for Balanced Use v.*

4    *Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted).

5         As an initial matter, Plaintiff argues that Intervenor has not established that she has

6    standing to intervene because, according to Plaintiff, Intervenor has not provided a supporting

7    declaration or any documentary evidence, particularly as related to Intervenor's ownership interest

8    in the property at issue.  (*See* Dkt. No. 19 at 3.)  The Court disagrees. The Court takes judicial

9    notice of a quitclaim deed, dated June 2, 2016, whereby Bank of America quitclaimed the

10   Michigan Avenue Property to Intervenor, her husband, and Ellen Gee as tenants in common.

11   (Dkt. No. 13-12 (Ex. L).)  Given this matter of public record, Intervenor has demonstrated an

12   interest in the Michigan Avenue Property and thus has standing to proceed.

13        Intervenor has also satisfied each of the four elements required for intervention as of right.

14   First, the motion to intervene, filed less than one month after Intervenor acquired the Michigan

15   Avenue Property and three months after this action was initiated, was timely.  Plaintiff's

16   arguments to the contrary—i.e., that Intervenor should have moved to intervene sooner and that

17   allowing intervention "at this late stage" will prejudice Plaintiff (*see* Dkt. No. 19 at 6-9)—are

18   without merit.  The case remains at a very early stage, as the sole named defendant, America's

19   Wholesale Lender, has not answered and no discovery has occurred.  Allowing intervention will

20   not cause any delay in the proceedings.

21        The second and third elements are also met, as Intervenor has a significant protectable

22   interest relating to the property that is the subject of this action—namely, the Michigan Avenue

23   Property—and the disposition of this action will undoubtedly impair Intervenor's ability to protect

24   her interest in the Michigan Avenue Property.  "If an absentee would be substantially affected in a

25   practical sense by the determination made in an action, he should, as a general rule, be entitled to

26   intervene . . . ." Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment.  Plaintiff seeks

27   to quiet title to the Michigan Avenue Property and the relief sought would substantially affect

28   Intervenor's ownership interest in that same property.

United States District Court
Northern District of California

Finally, Intervenor's interest is not represented by the current parties to this action.  "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate."  *Citizens for Balanced Use*, 647 F.3d at 898 (citation omitted).  The Ninth Circuit has articulated three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citation omitted).  Given that no other party has appeared in this case to oppose or otherwise respond to Plaintiff's requested relief, each of the above factors weighs in favor of intervention.  Moreover, even if Defendant were to appear in this case, it is unlikely to make or be capable of making Intervenor's arguments given that it has no ownership interest in the Michigan Avenue Property.  *See, e.g.*, *Schmidt v. Coldwell Banker Residential Brokerage*, No. 5:13-CV-00986 EJD, 2013 WL 2085161, at *3 (N.D. Cal. May 14, 2013) (finding inadequacy of representation by the named defendants where they did not have an ownership interest in properties for which the intervenor was the trustee).

For these reasons, Intervenor meets each of the requirements for intervention as of right under Rule 24(a)(2), and the Court thus GRANTS Intervenor's motion to intervene.

## II.    Motion to Expunge Notice of Pending Action (*Lis Pendens*)

California law governs matters relating to notices of pending action, or *lis pendens*.  28 U.S.C. § 1964.  California Code of Civil Procedure § 405.30 provides, "At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice.  However, a person who is not a party to the action shall obtain leave to intervene from the court at or before the time the party brings the motion to expunge the notice."  A motion to expunge must be granted if the court finds that either (1) "the pleading on which the notice is based does not contain a real property claim," *id.* § 405.31, or (2) "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim," *id.* § 405.32.

1    The claimant, here Plaintiff, has the burden of proving that the claim involves real property and

2    the probable validity of the claim. *Id.* § 405.30.

3           Plaintiff's request to quiet title to the Michigan Avenue Property pursuant to California

4    Code of Civil Procedure § 761.010 is a real property claim. However, Plaintiff has not established

5    by a preponderance of the evidence the probable validity of her claim. California Code of Civil

6    Procedure § 761.020 sets forth the requirements for a quiet title claim. The section requires that a

7    plaintiff provide a "verified" complaint[6] that includes: (a) a legal description of the real property

8    and its street address or common designation; (b) the plaintiff's title to the property and the basis

9    of that title; (c) the adverse claims to the plaintiff's title; (d) the date as of which the determination

10   is sought; and (e) a prayer for the determination of the title of the plaintiff against the adverse

11   claims. Cal. Code Civ. Proc. § 761.020. Based on the record before the Court, Plaintiff has not

12   established the probable validity of element (b)—that is, her title to the Michigan Avenue

13   Property—for several independent reasons.

14          First, the basis of Plaintiff's claim to title is that, on July 25, 2008, she rescinded the deed

15   of trust that she entered into with Defendant on February 9, 2007 and thus maintained her

16   ownership of the property. (Dkt. No. 1 ¶¶ 11, 16.) Under the TILA, however, residential

17   mortgage transactions are exempt from the rescission provisions. *See* 15 U.S.C. § 1635(e) ("This

18   section does not apply to . . . (1) a residential mortgage transaction as defined in section

19   1602(w) of this title[.]") "The term 'residential mortgage transaction' means a transaction in

20   which a mortgage, deed of trust, purchase money security interest arising under an installment

21   sales contract, or equivalent consensual security interest is created or retained against the

22   consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15

23   U.S.C. § 1602(x);[7] *see also Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1029 n.7 (9th

24   Cir. 2014) ("TILA does not apply to residential mortgages used to finance the initial acquisition or

25   construction of a dwelling."). Plaintiff alleges that the Michigan Avenue Property is "residential

26

27   ───────────────
     [6] Plaintiff's complaint is not verified, which alone could serve as a basis for dismissing her quiet
     title claim.

28   [7] Section 1635(e)(1) incorrectly references section 1602(w), as "residential mortgage transaction"
     is actually defined in subsection (x).

8

United States District Court
Northern District of California

United States District Court
Northern District of California

1     property" (Dkt. No. 1 ¶ 1) and that her mortgage loan with Defendant was secured by that property

2     (*id.* ¶ 10).  She further alleges that she acquired her interest in the property by virtue of the loan.

3     (*Id.* ¶ 7.)  Thus, she has affirmatively alleged that the loan is of a type to which the TILA does not

4     apply—a loan to purchase the property's acquisition.  It thus is unsurprising that she does not offer

5     any evidence or even argument that the loan at issue was not for the purchase of the property.  She

6     therefore has not shown by a preponderance of the evidence that the loan could be rescinded under

7     the TILA.  As her quiet title claim rests on the TILA rescission, that claim necessarily fails.

8          Second, assuming Plaintiff could show the TILA rescission provisions apply and that she

9     properly rescinded the mortgage loan, she has not shown by a preponderance of the evidence that

10    she otherwise has title to the Michigan Avenue Property.  The record shows that she granted any

11    interest she had in the property to the 1462 Michigan Avenue Partnership, which is not a party to

12    this action, on July 7, 2015.  (*See* Dkt. No. 13-5.)  "In California, plaintiffs have standing to assert

13    quiet title only if they currently possess an interest in the property at issue." *Jacobsen v. Aurora*

14    *Loan Servs., LLC*, No. 12-17026, 2016 WL 4578367, at *1 (9th Cir. Sept. 2, 2016) (citing

15    *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968)).  Thus, with no interest in the property, Plaintiff

16    has no standing to maintain a quiet title action.

17          Third, Plaintiff does not allege that she tendered or offered to tender the unpaid amount of

18    her mortgage loan.  "Tender is required to maintain an action to quiet title in California." *Miller v.*

19    *Washington Mut. Bank FA*, 776 F. Supp. 2d 1064, 1069 (N.D. Cal. 2011) (citing *Mix v. Sodd*, 126

20    Cal. App. 3d 386, 390 (1981)).  In lieu of alleging tender, Plaintiff alleges that the loan had no

21    legal effect because she rescinded it.  However, as stated above, Plaintiff could not rescind the

22    residential mortgage transaction under the TILA.  Plaintiff's failure to allege tender is thus another

23    reason that she has not established the probable validity of her real property claim.  *See Yu*, No.

24    5:16-cv-01194-HRL, Dkt. No. 20, at 4-5 (N.D. Cal. May 13, 2016) (accepting the defendants'

25    argument that Plaintiff in that case "ha[d] not alleged tender of the secured indebtedness").

26          Plaintiff has not carried her burden of establishing the probable viability of her real

27    property claim.  The Court thus GRANTS Intervenor's motion to expunge the notice of pending

28    action (*lis pendens*).

III.    **Motion for Attorney's Fees**

California Code of Civil Procedure § 405.38 provides that "[t]he court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." While Intervenor has prevailed on her motion to expunge the notice of pending action, the present record indicates that Plaintiff is experiencing financial difficulties as she has lost her home to foreclosure. Further, Intervenor purchased the property after this lawsuit and the *lis pendens* were filed; thus, Intervenor purchased with full knowledge of the need to move to expunge the *lis pendens*. Finally, there is no evidence in the record that Plaintiff was aware of the TILA's inapplicability to purchase mortgages before she filed suit or that Intervenor's counsel made any informal attempt to have Plaintiff remove the *lis pendens* before filing the motion to expunge. In light of all of these circumstances, the Court finds that an award of attorney's fees and costs would be unjust and DENIES Intervenor's request for fees. *See Khan v. CitiMortgage, Inc.*, No. 1:13-CV-01378-LJO-JLT, 2015 WL 5732847, at *2 (E.D. Cal. Sept. 29, 2015).

IV.    **Motion to Declare Plaintiff a Vexatious Litigant**

Before a court may declare a party a vexatious litigant and impose upon her pre-filing restrictions, the court must comply with certain procedural and substantive requirements. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). Specifically, the Ninth Circuit has directed courts to: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Id.* (citation omitted). "[P]re-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (internal punctuation and

United States District Court
Northern District of California

1   citation omitted).

2          As to the required substantive findings, the Ninth Circuit has identified five factors that

3   serve as a helpful framework for determining whether litigation qualifies as frivolous or harassing:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

9   *Molski*, 500 F.3d at 1058.  The fifth factor is particularly important in light of the seriousness of

10  restricting access to the courts.  *See Ringgold-Lockhart*, 761 F.3d at 1062.

11         Applying the above factors here, the Court declines—at this time and based on the current

12  record—to declare Plaintiff a vexatious litigant.  First, Plaintiff's suits do not appear, thus far, to

13  be harassing or duplicative as to any particular party, as she has filed cases against different

14  defendants for different causes of action (though all related in some way to the Michigan Avenue

15  Property and the corresponding mortgage transaction).  Second, it is not entirely clear that Plaintiff

16  does not have a good faith belief that she may prevail in this suit.  There has been no final

17  judgment on the merits of Plaintiff's claims or the issues raised by her claims; while a court in this

18  District previously dismissed one of Plaintiff's complaints with leave to amend, the order, dated

19  May 13, 2016, was not issued until after Plaintiff filed this action and was based in part on facts

20  relating to FDCPA claims that are not relevant here.  *See Yu*, No. 5:16-cv-01194-HRL, Dkt. No.

21  20.  Third, Plaintiff, aside from her 2012 state court case, has appeared pro se in each of the above

22  proceedings.  The Court notes, however, that "pro se litigants are not immune from a vexatious

23  litigation finding."  *Maxwell v. MOAB Inv. Grp., LLC*, No. 14-CV-03095-WHO, 2014 WL

24  4757429, at *7 (N.D. Cal. Sept. 24, 2014), *aff'd sub nom. Maxwell v. Moab Inv. Grp., LLC*, 632 F.

25  App'x 424 (9th Cir. 2016).  Fourth, Plaintiff's two prior litigations in this District each lasted just

26  several months before Plaintiff dismissed them without prejudice; recognizing that litigation can

27  be costly, the Court finds that the burden on the courts and other parties to this point does not

28  justify a vexatious-litigant finding.

United States District Court
Northern District of California

1    Therefore, Intervenor's motion to declare Plaintiff a vexatious litigant is DENIED.

2                                    **CONCLUSION**

3    For the reasons stated above, the Court GRANTS Intervenor's motions to intervene and to

4    expunge notice of pending action (*lis pendens*) and DENIES Intervenor's motions for attorney's

5    fees and to declare Plaintiff a vexatious litigant.

6    As Plaintiff is proceeding pro se, the Court encourages her to seek free assistance from the

7    Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate

8    Avenue, 15th Floor, Room 2796, San Francisco, CA 94102, or the Help Desk at the Oakland

9    Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612.  Plaintiff can

10   make an appointment in person or by calling 415-782-8982.

11                       **IT IS SO ORDERED.**

12   Dated: September 8, 2016

13

14                                                      *Jacqueline Scott Corly*

15                                                      JACQUELINE SCOTT CORLEY
                                                       United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

12